FILED
JUL 27 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:16CR00329 CDP/NCC** |
| v. ) | |
| ) | |
| DAVID NGUYEN, and ) | |
| MUNG T. NGUYEN, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

At all times material hereto:

1. The defendants, David Nguyen and Mung T. Nguyen, resided in O'Fallon, Missouri, which is located in St. Charles County, within the Eastern District of Missouri.

2. On March 30, 2015, the defendants, David Nguyen and Mung T. Nguyen, filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code, in the United States Bankruptcy Court from the Eastern District of Missouri, in the proceeding entitled *In re David Nguyen and Mung T. Nguyen*, Case. No. 15-42311. On June 5, 2015, the case was converted to a case under Chapter 7 of the United States Bankruptcy Code. The defendants, David Nguyen and Mung T. Nguyen, signed the bankruptcy petition, declaring under penalty of perjury that the information provided in the petition was true and correct.

3. When a person files a bankruptcy case, he or she is referred to as a "debtor."

4. The filing of a bankruptcy creates a "bankruptcy estate," which includes all rights, title, shares or interest in property owned by a debtor at the time the bankruptcy petition is filed.

The property in a debtor's bankruptcy estate, which is also referred to as a debtor's "assets," is administered by a bankruptcy trustee.

5. When a debtor files a Chapter 7 bankruptcy petition, the debtor must disclose all property, claim any exemptions, and then allow the bankruptcy trustee to sell all the non-exempt property (a process called "liquidation") and expeditiously pay creditors as much as possible.

6. On or about March 30, 2015, the defendants, David Nguyen and Mung T. Nguyen, filed and caused to be filed schedules in support of their bankruptcy petition. The defendants, David Nguyen and Mung T. Nguyen, signed the Declaration Concerning Debtor's Schedules, declaring under penalty of perjury that the schedules were true and correct.

7. In "Schedule B – Personal Property," which required the defendants to list "all personal property of the debtor of whatever kind," the defendants responded:

    a. "Wearing apparel." The defendants listed "Clothing & Shoes" valued at $300.00.

    b. "Furs and jewelry." The defendants listed "Wedding Set & Band" and entered a value of $200.00.

    c. "Household Goods and Furnishings." The defendants listed "Furniture" having a value of $500.00 and "Electronics" having a value of $300.00.

8. When debtors file for bankruptcy, they must submit to a meeting conducted by the trustee assigned to administer their bankruptcy case (the 341(a) meeting of creditors). The defendants testified under oath that the schedules that had been filed were accurate.

9. During 2014, the defendants spent a considerable amount of money on wearing apparel, jewelry, and household goods and furnishings. Some of those purchases are reflected in the table below.

| Date | Merchant | Description | Amount |
| --- | --- | --- | --- |
| 6/27/14 | Hannoush Jewelers | Jewelry | $9,111.69 |
| 6/29/14 | Best Buy | Computers | $3,573.52 |
| 6/28/14 | Helzberg Diamonds | Unknown | $2,700.00 |
| 6/28/14 | Helzberg Diamonds | Unknown | $4,798.82 |
| 6/29/14 | Louis Vuitton | Handbag | $2,861.19 |
| 6/29/14 | Best Buy | Digital Communications | $912.37 |
| 7/3/14 | Kay Jewelers | Jewelry | $16,179.05 |
| 7/4/14 | Hannoush Jewelers | Jewelry | $2,287.95 |
| 7/6/14 | Kay Jewelers | Jewelry | $7,620.27 |
| 7/6/14 | Victoria's Secret | Clothing | $146.59 |
| 7/6/14 | Nordstrom | Clothing | $1,000.00 |
| 7/8/14 | Victoria's Secret | Clothing | $1,096.50 |
| 7/9/14 | Sam's Club | Diamond Pendant | $2,408.03 |
| 7/9/14 | HH Gregg | Appliances or Electronics | $2,145.81 |
| 7/13/14 | Ann Taylor | Women's Apparel | $3,061.80 |
| 7/15/14 | HH Gregg | Appliances or Electronics | $3,764.65 |
| 7/16/14 | Costco | Miscellaneous | $5,073.63 |
| 7/4/14 | Hannoush Jewelers | Jewelry | $10,892.62 |
| 7/16/14 | Helzberg Diamonds | Jewelry | $10,047.57 |
| 7/20/14 | Helzberg Diamonds | Jewelry | $2,777.95 |
| 7/22/14 | Helzberg Diamonds | Unknown | $5,000.00 |
| 7/25/14 | Empire Today | Furnishings | $1,000.00 |

3

| 7/30/14 | HH Gregg | Appliances or Electronics | $2,825.50 |
| 7/30/14 | Mattress Direct | Furnishings | $2,196.04 |
| 7/30/14 | Mattress Firm | Furnishings | $2,646.46 |
| 8/3/14 | Weekends Only | Furnishings | $2,595.88 |
| 8/9/14 | Sleep Number | Furnishings | $2,843.58 |
| 8/26/14 | Sears | Sporting Goods | $1,371.52 |
| 8/26/14 | Best Buy | Computer Software | $305.04 |
| 8/31/14 | The Limited | Women's Apparel | $454.09 |
| 8/31/14 | White House Black Market | Women's Apparel | $516.44 |
| 9/1/14 | Express | Women's Apparel | $494.64 |
| 9/9/14 | Louis Vuitton | Handbags or Luggage | $3,328.99 |
| Various | JC Penney | Unknown | $2,079.00 |

10. During 2014, the defendants, David Nguyen and Mung T. Nguyen, purchased numerous items used as supplies in a nail salon. During the bankruptcy proceedings, the defendants denied having any ownership interest in a nail salon and did not account for the purchases of the items in the schedules filed with the bankruptcy court. The defendants David Nguyen and Mung T. Nguyen denied giving away any property related to the salon during 2014. The defendants made the following purchases during 2014.

4

| 6/27/14 | Lexor Inc. | Spa Pedicure Chair | $4,000.00 |
| --- | --- | --- | --- |
| 7/22/14 | Zen Market LLC | Nail Supplies | $5,100.00 |
| 8/4/14 | Sally Beauty Supply | Beauty Supplies | $211.87 |
| 8/7/14 | BNP Nail Supply | Nail Supplies | $1,986.00 |
| 8/13/14 | BNP Nail Supply | Nail Supplies | $404.00 |
| 8/25/14 | Sally Beauty Supply | Beauty supplies | $93.82 |
| 9/3/14 | BNP Nail Supply | Nail Supplies | $558.00 |
| Various | Various | Various Purchases of Nail Supplies | $15,000.00 |

## THE SCHEME

11. Beginning in approximately June, 2014, and continuing until September, 2015, the defendants, David Nguyen and Mung T. Nguyen, having devised and intending to devise a scheme and artifice to defraud their creditors, and for the purpose of executing and concealing such a scheme and artifice, and attempting to do so, filed and caused to be filed documents in the proceeding *In re David Nguyen and Mung T. Nguyen*, No. 14-42311; to wit, Schedule B of the bankruptcy schedules filed on or about March 30, 2015.

12. In furtherance of their scheme to defraud, the defendants, David Nguyen and Mung T. Nguyen, filed and caused to be filed the bankruptcy petition on or about March 30, 2015.

13. As part of the scheme to defraud, the defendants, David Nguyen and Mung T. Nguyen, in preparation for the bankruptcy filing, purchased valuable household goods and furnishings, apparel, handbags, and jewelry.

14. As part of the scheme to defraud, the defendants, David Nguyen and Mung T. Nguyen, failed to list at least $100,000.00 of the household goods and furnishings, apparel, handbags, and jewelry in the bankruptcy petition.

15. As further part of the scheme to defraud, between July, 2014 and September, 2014, the defendants, David Nguyen and Mung T. Nguyen, made over $25,000.00 in credit card cash withdrawals.

16. As further part of the scheme to defraud, after filing the petition for bankruptcy, the defendant David Nguyen, filed a claim with AAA auto insurance company for damage caused to the 2011 Mercedes ML350 owned by the defendant. The defendant received payment from AAA for the damage and failed to notify the trustee that he received the payment. The defendant did not use the payment to have the 2011 Mercedes repaired.

## COUNT I
(Bankruptcy Fraud)

17. The allegations contained in paragraphs 1 through 16 are re-alleged and incorporated as if fully set forth in this paragraph.

18. On or about and between June 27, 2014 and March 30, 2015, both dates being approximate and inclusive, within the Eastern District of Missouri, the defendants,

**DAVID NGUYEN and
MUNG T. NGUYEN,**

voluntarily and intentionally devised and intended to devise a scheme and artifice to defraud by failing to disclose valuable furnishings, clothing, jewelry, other personal property, cash, and income in their bankruptcy case, and for the purpose of executing and concealing said scheme and artifice and attempting to do so, the defendants filed a petition and a document in a

6

proceeding under Title 11, United States Code, bankruptcy proceeding, *In re David Nguyen and Mung T. Nguyen,* Case No. 15-42311.

All in violation of Title 18, United States Code, Section 157.

## COUNT II
(False Statement in Bankruptcy)

19. The allegations contained in paragraphs 1 through 16 are re-alleged and incorporated as if fully set forth in this paragraph.

20. On or about March 30, 2015, within the Eastern District of Missouri, the defendants,

**DAVID NGUYEN, and
MUNG T. NGUYEN,**

knowingly and fraudulently made and caused to be made, a material false declaration, verification, and statement under the penalty of perjury, as permitted under Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, *In re David Nguyen and Mung T. Nguyen*, Case No. 14-42311, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, in which the defendant fraudulently listed the value of clothing, shoes, and jewelry as $500.00.

All in violation of Title 18, United States Code, Section 152(3) and Section 2.

## COUNT III
(Concealment of Bankruptcy Assets)

18. The allegations contained in paragraphs 1 through 16 are re-alleged and incorporated as if fully set forth in this paragraph.

19. On or about March 30, 2015, within the Eastern District of Missouri, and elsewhere, the defendants,

**DAVID NGUYEN, and
MUNG T. NGUYEN,**

did knowingly and fraudulently conceal personal property belonging to the debtor from creditors and others, in connection with a case under Title 11, *In re David Nguyen and Mung T. Nguyen*, Case No. 14-42311, that is: jewelry, other personal property, and cash.

All in violation of Title 18, United States Code, Section 152(1) and Section 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

20. Pursuant to Title 18, United States Code, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 152 as set forth in Counts II and III of this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

21. Money Judgment: Subject to forfeiture upon a conviction of Counts II, and III is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation.

22. If any of the property described above, as a result of any act or omission of the defendant(s):

8

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

*/s/ Jeannette S. Graviss*
JEANNETTE S GRAVISS, #44483MO
Assistant United States Attorney